IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Danny V. Milum,                                           Case No. 3:06CV1194

                                                                                  [3:04CR793]

             Petitioner

v.                                                                               ORDER

United States of America,

             Respondent

This is a post-conviction proceeding under 28 U.S.C. § 2255. The petitioner, Danny V. Milum, was convicted of possession of child pornography following a plea of guilty. His written plea agreement contained a waiver of his right to challenge his conviction and sentence whether by direct appeal or in a § 2255 petition, except in limited circumstances not raised in the present petition.

In his petition, the petitioner asserts that he: 1) did not realize that viewing child pornography was socially unacceptable and 2) was not fully apprised by counsel of the serious nature of the crime, which he did not comprehend because his internet purchase of unlawful materials had been so easy.

For the reasons that follow, the petition shall be denied.

## Discussion

Petitioner's petition must be dismissed in light of his waiver in his plea agreement of the right to challenge his conviction or sentence. As stated in *Watson v. U.S.*, 165 F.3d 486, 489 (6th Cir. 1999), "a defendant's informed and voluntary waiver of the right to collaterally attack a

sentence in a plea agreement bars such relief." *See also McNeil v. U.S.*, 72 F. Supp.2d 801, 807 (N.D. Ohio 1999) ("The Sixth Circuit has unequivocally adopted the rule that a criminal defendant can effectively waive the right to collaterally attack his sentence in a plea agreement."). Unless shown to have been rendered ineffective due to unconstitutionally ineffective assistance of counsel, such waivers have consistently been upheld. *See, e.g., id.* at 488-89 (6th Cir. 1999); *U.S. v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994); *U.S. v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993).

There is, in any event, no merit to the petitioner's claims. His contention that he did not comprehend that his acts were seriously offensive to public mores does not state a ground for § 2255 relief. What matters is that those acts were, in fact, subject to criminal sanction, not his individual and idiosyncratic view of the lawfulness of those acts. *See generally U.S. v. X-Citement Video*, 513 U.S. 64 (1994) (construing *mens rea* requirements of a child pornography statute); *U.S. v. Kelley Technical Coatings, Inc.*, 157 F.3d 432, 438 (6th Cir. 1998) (noting consistent rejection of assertion of lack of knowledge of illegality as a defense).

Petitioner also alleges his counsel did not fully explain the serious nature of the crime to him. This allegation is, however, based solely on the petitioner's putative ignorance of the serious nature of his conduct. Counsel was under no obligation to tell the petitioner that what he had done was socially offensive and unacceptable. All that counsel and the court were required to tell the petitioner about the "seriousness" of his conduct was the potential penalty on conviction.

There is no suggestion by petitioner that he did not know the potential penalty before and at the time of his plea of guilty. Indeed, his written plea agreement specified the maximum penalty. Petitioner does not assert that he did not read the agreement or hear what he was told about the maximum penalty at the change of plea hearing.

Thus, to the extent that petitioner was entitled to be informed about the seriousness of his criminal conduct, information about the maximum penalty to which his plea of guilty exposed him sufficed.

Petitioner's attorney, accordingly, did not fail to provide constitutionally acceptable counsel.

## Conclusion

In light of the foregoing, it is hereby

ORDERED THAT the petition for relief under 28 U.S.C. § 2255 be, and the same hereby is dismissed.

The Court certifies, pursuant to 28 U.S.C. 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability pursuant to 28 U.S.C. 2253(c); Fed. R. App. P. 22(b).

So ordered.

s/James G. Carr
James G. Carr
Chief Judge